UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS E MURRAY, SR., and <br> DPM, LTD., <br>     Plaintiffs, <br> <br>     vs. <br> <br> CONSECO, INC. and <br> CONSECO SERVICES, LLC, <br>     Defendants. <br> _____ <br> CONSECO, INC. <br>     Counterclaim Plaintiff/ <br>     Third-Party Plaintiff, <br> <br>     vs. <br> <br> DENNIS E. MURRAY, SR., DPM Ltd., and <br> MARGARET MURRAY, <br>     Counterclaim Defendants/ <br>     Third-Party Defendant. | 1:03-cv-1701-LJM-JMS |

**ORDER ON PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S
MOTION TO DISMISS**

This matter is before the Court on Plaintiffs/Counterclaim Defendant's, Dennis E. Murray, Sr. ("Murray"), and Third-Party Defendant's, Margaret Murray (collectively, the "Murrays"), Motion to Dismiss Fraudulent Transfer and Unjust Enrichment Claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)). Defendants/Counterclaim Plaintiffs, Conseco, Inc. ("Conseco") and Conseco Services, LLC ("Conseco Services") (collectively, the "Defendants"), asserted claims for fraudulent transfer and unjust enrichment under Indiana law in its Amended Counterclaims and Third-Party Complaint (the "Complaint"). The Court has fully considered the parties' arguments and, for the reasons discussed below, **DENIES** the Murrays' Motion to Dismiss.

## I. BACKGROUND

For the purposes of this motion, the Court accepts as true the well-pleaded factual allegations from the Complaint:

In 1996, Old Conseco's[1] Board of Directors created the Conseco Director and Officer Loan Program (the "D&O Loan Program"). Compl. ¶ 10. Under the Program, certain officers, directors, and other employees borrowed money from a syndicate of lender banks (the "Banks") to purchase large blocks of Old Conseco's stock. *Id.* Murray, as a Director, participated in the D&O Loan Program, both in his personal capacity as a director and on behalf of DPM, LTD ("DPM"), as general partner. *Id.* ¶¶ 14-15, 19-20, 33-36. Murray and DPM borrowed several million dollars from the Banks. *Id.* ¶¶ 33-34. Old Conseco executed guarantees of Murray's and DPM's obligations. Compl. ¶ 11. Murray and DPM entered into multiple written agreements with the Banks and Old Conseco in which they promised to repay all amount loaned to them under the D&O Loan Program, plus interest. *Id.* ¶¶ 15, 19, 35-37. The loans made pursuant to the D&O Loan Program, along with their corresponding promissory notes and contractual agreements, were refinanced in November of 2000. *Id.* ¶ 18. Conseco filed for bankruptcy on December 17, 2002, constituting an event of default under the Credit Agreements and Bank Notes. *Id.* ¶ 22. As a result, Murray's and DPM's obligations under the Notes became due immediately. *Id.* Conseco, pursuant to the Guarantees, paid the amount owed to the Banks. *Id.* ¶¶ 23-24. However, the Murray Parties have failed to repay their debt to Conseco. *Id.* ¶ 23.

---

[1] Throughout their briefs, the parties refer to pre-bankruptcy Conseco, Inc., as "Old Conseco" and post-bankruptcy Conseco, Inc., as "Conseco." The Court does the same throughout this Order.

## II. STANDARD

When ruling on this Motions to Dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the Complaint and the inferences reasonable drawn from those allegations, and views them in the light most favorable to Conseco. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d. 614, 618 (7th Cir. 2007). "A [] complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief', sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)). The Complaint's "allegations must plausibly suggest that [Conseco] has a right to relief, raising that possibility above the 'speculative level.'" *EEOC v. Concentra Health Care Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. 1965, 1973 n.14)). Finally, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

## III. DISCUSSION

The Murrays argue that neither Count VIII nor Count IX satisfy Rule 12(b)(6) or Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)"). Court discusses these arguments below in turn.

### A. COUNT VIII

In Count VIII, Conseco alleges that Murray fraudulently transferred certain sums of money to avoid payment of his loan obligations to Conseco. Compl. ¶ 119-30. The Murrays argue that

3

Count VIII does not comply with the particularity requirement of Rule 9(b) because it "fails to identify even one specific transfer that is alleged to be fraudulent and fails to provide any basis for suing Margaret Murray as a recipient of such a transfer." Pls.' Br. at 1. Conseco argues that Count VIII need not be pled with particularity under Rule 9(b) because the Complaint asserts a claim for constructive fraudulent transfer. Next, Conseco argues that, even assuming Rule 9(b) applies, the Complaint sufficiently states with particularity the circumstances constituting fraud.

The Court does not need to address whether Count VIII is subject to the pleading requirement of Rule 9(b) because, even assuming that it is, Conseco's claim for fraudulent transfer states with particularity "the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Indiana Uniform Fraudulent Transfer Act (the "Act") states, in part:

> Sec. 14. A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
> >
> > (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> >
> > > (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> > >
> > > (B) intended to incur or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as the debts became due.

Ind. Code § 32-18-2-14. This statute protects against two kinds of fraudulent transfers: transfers with an actual intent to defraud and transfers that the law considers fraudulent (i.e. constructive fraud). *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078-79 (7th Cir.

1997) (analyzing identical version of Uniform Fraudulent Transfer Act under Illinois law). The Act establishes a presumption that constructive fraud has occurred where 1) the debtor made a voluntary transfer; 2) at the time of the transfer, the debtor had incurred obligations elsewhere; 3) the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer; and 4) after the transfer, the debtor failed to retain sufficient property to pay the indebtedness. *Id.*

The Complaint avers that Murray voluntarily transferred sums of money to Margaret Murray at a time where he owed substantial sums of money to Conseco. Compl. ¶¶ 22-24, 121-22. Moreover, Conseco alleges that Murray did not receive reasonably equivalent value in exchange for the transfers and that Murray was insolvent at the time he made the transfers. Compl. ¶¶ 125-26. Additionally, Conseco alleges that Murray reported $29 million worth of assets in 1999; that his firm enjoyed several multi-million dollar verdicts since that time, and that now Murray claims to earn less than $50,000.00 a year with assets totaling less than $500,000.00. *Id.* ¶ 122. These facts, argues Conseco, "indicate[] that [Murray] has fraudulently transferred his wealth[.]" *Id.* ¶ 123. The Murrays assert that these allegations are insufficient because Conseco relies only upon "information and belief" instead of pleading specific facts.

"[T]he duty to plead the circumstances constituting fraud with particularity [is] not fulfilled by pleading th[e] circumstances on 'information and belief' unless they [are] facts inaccessible to the plaintiff, in which event he ha[s] to plead the grounds for his suspicions." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992). The facts Rule 9(b) requires Conseco to plead are matters exclusively within the Murrays' knowledge, especially considering Conseco alleges that Murray transferred money to family members. Compl. ¶ 123. Evidence regarding the amount of money transferred, when the money was transferred, exactly to whom the money was transferred,

5

and the reason why the money was transferred are matters exclusively within the Murrays' knowledge. Morever, Murray's sudden and substantial drop in worth provides sufficient "grounds for [Conseco's] suspicion." *Bankers Trust Co.*, 959 F.2d at 684. Therefore, Conseco is entitled to rely on "information and belief" in pleading its claim for fraudulent transfer. *Id.* The Court concludes that Count VIII satisfies the pleading requirements of Rule 9(b). Therefore, the Murrays' Motion to Dismiss Count VIII is **DENIED**.

### B. COUNT IX

In Count IX, Conseco asserts a claim for unjust enrichment against Margaret Murray. Under Indiana law, "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Bahy v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991). To prevail on a claim for unjust enrichment in Indiana, a plaintiff "must establish that a measurable benefit has been conferred upon the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *City of Mishawaka v. Kvale*, 819 N.E.2d 1129, 1136 (Ind. Ct. App. 2004) (citing *Bahy*, 573 N.E.2d at 408)). Conseco alleges that it is a creditor of Murray; that it has asserted a valid fraudulent transfer claim against him; that Murray conferred a measurable benefit on Margaret Murray through his fraudulent transfers; and that Margaret Murray has been wrongfully enriched at Conseco's expense. Compl. ¶¶ 132-36. Therefore, Conseco argues that it would be unjust for Margaret Murray to retain Murray's fraudulently transferred assets without payment to Conseco.

Margaret Murray argues that Indiana law requires Conseco to have directly conferred a benefit to her. She argues the Complaint fails to state a claim because the Complaint does not allege

that she received any benefit directly from Conseco. However, the cases Margaret Murray cites in support of her argument did not address the issue of whether a benefit conferred by a third party could support an unjust enrichment claim under Indiana law. *See Bahy*, 573 N.E.2d at 408; *see also Ball v. Versar, Inc.*, 454 F. Supp. 2d 783, 811 (S.D. Ind. 2006). Moreover, other Indiana courts have held that a plaintiff states a claim for unjust enrichment even where a third party conferred the benefit upon the defendant. *Dominiack v. Mech., Inc. v. Dunbar*, 757 N.E.2d 186, 190-91 (Ind. Ct. App. 2001) (citing *Bahy*, 573 N.E.2d at 408); *Paul v. I.S.I. Servs., Inc.*, 726 N.E.2d 318, 322 (Ind. Ct. App. 2000) (citing *Bahy*, 573 N.E.2d at 408). The Court concludes that Conseco has stated a claim for unjust enrichment under Indiana law even though it alleges that Murray, and not Conseco, conferred the benefit.

Margaret Murray next argues that Count IX should be dismissed for failure to comply with Rule 9(b). However, an unjust enrichment claim under Indiana law does not require a showing of fraud or mistake. Rather, a plaintiff need only "establish that a measurable benefit has been conferred upon the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Kvale*, 819 N.E.2d at 1136 (citing *Bahy*, 573 N.E.2d at 408). Furthermore, to the extent Conseco relies on the alleged fraudulent transfers at issue in Count VIII, as discussed above, Conseco's Complaint satisfies the pleading requirements of Rule 9(b).

The Court concludes that Count IX provides a "short and plain statement of the claim showing that [Conseco] is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Therefore, Margaret Murray's Motion to Dismiss Count IX is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs/Counterclaim Defendants', Dennis E. Murray, Sr. and DPM, LTD, and Third-Party Defendant's, Margaret Murray, Motion to Dismiss is **DENIED**.

IT IS SO ORDERED this 22nd day of October, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Carol A. Nemeth
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Justin Andrew Barker
KIRKLAND & ELLIS, LLP
jbarker@kirkland.com

Erin L. Connell
RILEY BENNETT & EGLOFF LLP
econnell@rbelaw.com

Sandra M. Fabula
KIRKLAND & ELLIS, LLP
mfabula@kirkland.com

Stephen C. Hackney
KIRKLAND & ELLIS, LLP
shackney@kirkland.com

Ryan L. Leitch
RILEY BENNETT & EGLOFF LLP
rleitch@rbelaw.com

Scott A. McMillin
KIRKLAND & ELLIS, LLP
smcmillin@kirkland.com

Reed S. Oslan
KIRKLAND & ELLIS, LLP
roslan@kirkland.com