UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| DENNIS E. MURRAY, SR., and | ) | |
| DPM, LTD., | ) | |
|         Plaintiffs, | ) | |
| | ) | |
|       vs. | ) | 1:03-cv-1701-LJM-JMS |
| | ) | |
| CONSECO, INC., and | ) | |
| CONSECO SERVICES, LLC, | ) | |
|         Defendants. | ) | |
| _____ | ) | |
| | ) | |
| CONSECO, INC., | ) | |
|         Counterclaim Plaintiff/ | ) | |
|         Third-Party Plaintiff, | ) | |
| | ) | |
|       vs. | ) | |
| | ) | |
| DENNIS E. MURRAY, SR., DPM Ltd., and | ) | |
| MARGARET MURRAY, | ) | |
|         Counterclaim Defendants/ | ) | |
|         Third-Party Defendant. | ) | |

## ORDER ON CROSS MOTIONS FOR RECONSIDERATION

This cause is before the Court on Cross Motions for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("Rule 54(b)"), FED. R. CIV. P. 54(b), filed by Plaintiffs/Counterclaim Defendants, Dennis E. Murray, Sr. ("Murray") and DPM, Ltd. ("DPM") (collectively "Plaintiffs"), and third-party defendant, Margaret Murray ("Margaret Murray") (Plaintiffs and Margaret Murray collectively, the "Murray Parties"); and Defendants/Counterclaim Plaintiffs, Conseco, Inc. ("Conseco") and Conseco Services, LLC ("Conseco Services") (Conseco and Conseco Services collectively, the "Defendants").

In its October 22, 2008, Order ("Summary Judgment Order") on the parties' cross

motions for summary judgment, the Court concluded that, among other things, the Murray Parties' fraud claims were barred by a clause in the Credit Agreements; that Murray was not entitled to indemnification from Defendants; that the Bankruptcy Injunction barred the Murray Parties' challenges to Conseco's status as a valid assignee of the Banks; and that there is a genuine issue of material fact as to whether Margaret Murray is liable for DPM's liabilities as a general partner.  It is on those rulings that the Parties request the Court's reconsideration.

The Court has considered the parties' arguments and, for the following reasons, **GRANTS in part and DENIES in part** the Murray Parties Motion for Reconsideration, and **DENIES** Defendants' Motion for Reconsideration.[1]

## I. <u>STANDARD</u>

Rule 54(b) provides that

> any order or other decision, however designate, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  The parties have asked the Court to reconsider a pre-judgment interlocutory decision.  Such decisions may be reconsidered at any time.  *See Matter of 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987); *Cameo Convalescent Ctr., Inc. v. Perry*, 800 F.2d 108, 110 (7th Cir. 1986).  Under the "law of the case" doctrine, the Court may refuse to consider that which has already been decided, *see Cameo*

---

[1] Plaintiffs' Motion Requesting Oral Argument (Doc. No. 423) is hereby **DENIED AS MOOT**.

*Convalescent Ctr.*, 800 F.2d at 110, however, the Court has "the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal." *Id.* A motion to reconsider must be based on the need "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.* 90 F.3d 1264, 1269 (7th Cir. 1996). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

## II. DISCUSSION

### A. MURRAY PARTIES' FRAUD CLAIMS

In the Summary Judgment Order, the Court concluded that the following clause in the Credit Agreements barred Plaintiffs' claims for recoupment based upon fraud: "All payments to be made by any Borrower hereunder shall be made without set-off, recoupment or counterclaim." Defs.' Exs. 10-12, 4.2(a). The Court concluded that Conseco could assert this clause as subrogee of the banks. Plaintiffs argued that, pursuant to the Letter Agreement between the parties, the waiver clause did not bar their counterclaims based upon fraud. The Letter Agreement states in the first paragraph that the refinancing documents, including the Credit Agreements, "shall not include any release of liability for any rights, claims, defenses or causes of action that [Murray] may have or assert against the Company or its Affiliates or any third parties other than the release of

3

liability of the Banks in the form previously provided to [Murray]." Pls.' Ex. A-18.  According to Plaintiffs, this clause in the Letter Agreement entitled them to the opportunity to assert their fraud claims in this action.

The Court disagreed and concluded that the language in the first paragraph of Letter Agreement did not supersede the Credit Agreement.  Further, the Court reasoned that the Credit Agreement did not foreclose Plaintiffs' opportunity to assert its fraud claims against Conseco for all time.  Rather, it prohibited them from asserting them in an action to collect on the Notes and Mortgages.

However, as Plaintiffs respectfully point out, the Court overlooked the seventh paragraph of the Letter Agreement that states, in part:

> The Company agrees, acting for itself and all Affiliates, that your execution of any documents purporting to release or waive liability on the part of the Banks with respect to the Existing Program Loans or the Program Loans will not release or modify any rights, claims, or causes of action which you may have or assert against the Company or its affiliates, including any action brought in whole or in part as subrogee of the Banks.

Pls.' Ex. A-18.  This language allows Plaintiffs to assert their fraud claims in any action Conseco brings against Plaintiffs "in whole or in part as subrogee of the Banks[,]" including the current matter before this Court.  *Id.*  In light of this contract language, the Court concludes that it must **GRANT** the Murray Parties Motion for Reconsideration with respect to the Court's treatment of the Credit Agreements and Letter Agreement in its October 22, 2008, Order.

However, that does not end the inquiry, for Conseco argues that Murray breached the Letter Agreement and that, therefore, Plaintiffs are not entitled to enforce any portion of that contract.  The Court concludes that it need not address whether or not Plaintiffs are

entitled to enforce the Letter Agreement. Even assuming Plaintiffs are entitled to enforce the Letter Agreement their fraud claims must nevertheless fail.

In Count VI, Plaintiffs assert a common law fraud claim against both Conseco and Conseco Services alleging that Plaintiffs relied on Defendants' alleged fraudulent misrepresentations when Plaintiffs participated in the D&O program. Sec. Am. Compl. ¶ 79. Under Indiana law, a fraud plaintiff must establish reasonable reliance on the alleged misrepresentations. *See Siegel v. Williams*, 818 N.E.2d 510, 515 (Ind. Ct. App. 2004). Plaintiffs' common law fraud claim fails because Murray had knowledge of the allegedly fraudulent misrepresentations when he executed the Credit Agreements and Bank Notes. There is no dispute that Plaintiffs learned of Defendants' alleged misrepresentations before Plaintiffs executed the Bank Notes and Credit Agreements. Plaintiffs executed the Credit Agreements and the Bank Notes at issue in November 2000. Defs.' Exs. 4-12. Plaintiffs admit in their Second Amended Complaint that Murray learned "on or about September 18, 2000," that Defendants "management revealed in a Board meeting that its cash flow was negative and had been negative since at least last 1998 by hundreds of millions of dollars." Pls.' Sec. Am. Compl. ¶ 145; *see, e.g.* Pls.' Resp. at 10 (Doc. No. 233) ("These misstatements were admitted on April 14, 2000, when Conseco restated its earnings for these periods."). Therefore, the Court concludes that Plaintiffs have failed to establish reasonable reliance on Defendants' alleged misrepresentations. Therefore, for this reason, Defendants' Motion for Summary Judgment as to Count VI of Plaintiffs' Second Amended Complaint is **GRANTED**.[2]

---

[2] In the interest of clarity, the Court notes Plaintiffs' asserted affirmative defense of fraudulent inducement. However, whether asserted as a purported claim for setoff or

In Counts VII and VIII, Plaintiffs assert state and federal securities fraud claims against both Conseco and Conseco Services predicated on Defendants' alleged misrepresentations made during 1998 and 1999. Sec. Am. Compl. ¶¶ 162-175. Under Indiana law, a plaintiff must file an action for securities fraud within three years of when the plaintiff discovered the fraud. Ind. Code § 23-2-1-19(g)[3]. Additionally, federal law required Plaintiffs to file their securities fraud claim "within one year after the discovery of the facts constituting the violation and within three years after such violation." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991). As stated above, Murray knew about Conseco's and Conseco Services' allegedly fraudulent behavior at the latest by September 2000. Pls.' Sec. Am. Compl. ¶ 145. Plaintiffs filed suit against Defendants on October 19, 2005. Therefore, Plaintiffs did not comply with the applicable statutes of limitation.

Plaintiffs argues that its securities fraud claims are not time barred under Indiana Trial Rule 13(J). Ind. T. R. 13(J) (stating that a statute of limitation shall not bar a claim to the extent that "it diminishes or defeats the opposing party's claim if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim, or if it could have been asserted as a counterclaim to the opposing party's claim before it (the

---

as an affirmative defense, Plaintiffs' common law fraud claim must fail. *See Massey v. Conseco Services, LLC*, 879 N.E.2d 605, 611 (Ind. Ct. App. 2008) ("The essential elements of fraudulent inducement . . . are no different from any action on fraud."(citing *Siegel*, 818 N.E.2d at 515)). Furthermore, the Court concludes that Plaintiffs' other arguments regarding their common law fraud claim are without merit.

[3] On July 1, 2008, the Indiana General Assembly repealed the applicable portions of the Indiana Securities Act, § 23-2-1, and created § 23-19-1 to replace it. However, under the new Act, all actions or proceedings pending on June 30, 2008, are governed exclusively by the predecessor Act. Ind. Code § 23-19-1-1(b).

counterclaim) was barred….").  However, as Defendants points out, Trial Rule 13(J) is an Indiana state court procedural rule and, therefore, it does not apply in federal proceedings. *See Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 135 v. Jefferson Trucking Co., Inc.*, 473 F. Supp. 1255, 1258 (S.D. Ind. 1979). The Court concludes that Plaintiffs' securities fraud claims against Conseco and Conseco Services are time barred. Defendants' Motion for Summary Judgment as to Counts VII and VIII is **GRANTED**.

## B.  MARGARET MURRAY'S LIABILITY

The Murray Parties and Defendants all move the Court to reconsider Margaret Murray's potential liability as general partner of DPM.  The Murray Parties claim that the Court failed to consider "the two most important documents on this issue[,]" namely, the Participation Agreement and the Note to Chase Manhattan Bank, which Murray signed and inserted the title "Sole General Partner." Pls.' Br. at 14.  Defendants claim that, because DPM was not legally created until after April 1997, "Margaret Murray's purported withdrawal [was] a sham."  Defs. Br. at 19.  Although these facts and others presented to the Court by the parties' are certainly relevant, they do not change the Court's opinion that there is a genuine issue of material fact.  Whether or not Margaret Murray withdrew as general partner and, if so, whether or not her withdraw was communicated to Defendants', is a question to be answered by the jury.  The parties' Motions for Reconsideration regarding Margaret Murray's liability are **DENIED**.

## C.  OTHER ARGUMENTS

Moreover, the Court concludes that the Murray Parties' remaining arguments for reconsideration do nothing but regurgitate arguments already presented to the Court in the summary judgment briefs.  Therefore, Plaintiffs' Motion for Reconsideration as to those issues is **DENIED**.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs/Counterclaim Defendants', Dennis E. Murray, Sr. and DPM, Ltd., and third-party defendant's, Margaret Murray, Motion for Reconsideration is **GRANTED in part and DENIED in part**.  However, Defendants/Counterclaim Plaintiffs', Conseco, Inc. and Conseco Services, LLC, Motion for Summary Judgment as to Counts VI, VII, and VIII of Plaintiffs' Second Amended Complaint remains **GRANTED**, but for the reason stated herein; the Court's October 22, 2008, Order (Doc. No. 401) is hereby **AMENDED** by this order.  Defendants/Counterclaim Plaintiffs' Motion for Reconsideration is **DENIED**.

IT IS SO ORDERED this 16th day of January, 2009.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution attached.

8

Distributed to:

Carol A. Nemeth
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Justin Andrew Barker
KIRKLAND & ELLIS, LLP
jbarker@kirkland.com

Erin L. Connell
RILEY BENNETT & EGLOFF
econnell@rbelaw.com

Sandra M. Fabula
KIRKLAND & ELLIS LLP
mfabula@kirkland.com

Stephen C. Hackney
KIRKLAND & ELLIS LLP
shackney@kirkland.com

Ryan L. Leitch
RILEY BENNETT & EGLOFF LLP
rleitch@rbelaw.com

Scott A. McMillin
KIRKLAND & ELLIS, LLP
smcmillin@kirkland.com

Reed S. Oslan
KIRKLAND & ELLIS
roslan@kirkland.com