UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS E. MURRAY, SR. and DPM, LTD.,<br>    Plaintiffs,<br><br>    vs.<br><br>CONSECO, INC. and CONSECO SERVICES, LLC,<br>    Defendants.<br>_____<br><br>CONSECO, INC.,<br>    Counterclaim Plaintiff/<br>    Third-Party Plaintiff,<br><br>    vs.<br><br>DENNIS E. MURRAY, SR., DPM, LTD., and MARGARET MURRAY,<br>    Counterclaim Defendants/<br>    Third-Party Defendant. | 1:03-cv-1701-LJM-JMS |

## ORDER

This matter comes before the Court on Counterclaim Defendant's, Dennis E. Murray ("Murray"), and Third-Party Defendant's, Margaret Murray ("Margaret Murray") (collectively, the "Murrays"), Objection to the Magistrate Judge's Report and Recommendation. On July 23, 2008, Counterclaim Plaintiff, Conseco, Inc. ("Conseco"), filed its Sealed Motion to Compel Dennis Murray's Production of Statements for His Retirement Accounts and for Other Sanctions ("Motion for Sanctions"). Magistrate Judge Stinson issued a Report and Recommendation, in which she recommended that the Court impose sanctions on Murray for his violation of a Court order. The Court has considered the parties' arguments and,

for the following reasons, **SUSTAINS in part and OVERRULES in part** the Murrays' Objection.[1]

## I. BACKGROUND

Conseco alleges that Murray concealed a trust, the Margaret Murray Trust No. 2 (the "Trust"), that was established for his wife and to which he transferred shares of the Murray & Murray law firm ("the law firm"). As a result of that transfer, all distributions from the law firm that had previously been transferred to Murray were now transferred to the Trust. Doc. No. 348(14).

In Conseco's First Set of Interrogatories to Murray, Interrogatory No. 8 asked for information regarding any trusts he had created. Doc. No. 348(6). Interrogatory No. 9 requested that Murray identify and provide information about all transfers to any person or entity of any asset having a fair market value in excess of $10,000.00 made since January 1, 1996. *Id.* Murray did not identify the Trust in his response to Interrogatory No. 8. He also failed to identify and provide information about the transfer of his shares of the law firm and the resulting income distributions in his response to Interrogatory No. 9. *Id.*

Ultimately, Conseco learned about the terms of the Trust from discovery it received from Murray's accountant, Skoda Minotti. Conseco then filed its Motion for Sanctions arguing, *inter alia*, that Murray's failure to disclose the existence of and distributions to the Trust constituted a violation of the Magistrate Judge's March 21, 2007, Order (the "March

---

[1] The Court concludes that oral argument is unnecessary in order to effectively resolve the Murrays' Objection. Therefore, the Murrays' Motion for Oral Argument (Doc. No. 432) is **DENIED**.

2007 Order") that compelled Murray to fully and completely respond to the discovery previously served by Conseco.

The Court referred the motion to the Magistrate Judge, who heard oral argument on the motion. Having considered the parties' arguments, the Magistrate Judge issued a Report and Recommendation, in which she issued findings of fact and conclusions of law. Magistrate Judge Stinson concluded that Murray's failure to disclose the existence of and distributions to the Trust violated the March 2007 Order. As a result, the magistrate judge recommended the following sanction:

- That the Court find the following facts be conclusively established: (1) that Murray transferred shares in Murray & Murray to his wife in 2001 with a value of $1,500,000.00; (2) that Murray transferred the distributions from his Murray & Murray stock to his wife in the amount of $1,897,081.00 in the ensuing years; and (3) that Murray made those transfers with the intent to hinder, delay, and defraud Conseco;

- That Murray be barred from contesting or presenting any evidence in an attempt to refute those three findings

- That Murray pay for Conseco's reasonable fees and expenses related to the Motion for Sanctions, the motion for discovery filed on July 20, 2007 (Doc. No. 246), and the motion for protective order filed by Murray (Doc. No. 96).

## II. STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, the district court must modify or set aside any part of a magistrate's order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). *See also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made. A judge of the court

3

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Rule 37(b) of the Federal Rules of Civil Procedure ("Rule 37(b)") provides the Court with authority to sanction a party for failure to obey an order to provide discovery. Fed. R. Civ. P. 37(b). Under Rule 37(b)(2), if a party disobeys a discovery order, the Court can issue an order: (1) providing that "the matters regarding which the order was made or any other designated facts" are taken as established; (2) refusing to allow the disobedient party to support or oppose designated claims or defenses; (3) dismiss the action or render a judgment by default against the disobedient party; and (4) treat the disobedient party's failure to obey the court's orders as a contempt of court. *Id.* In addition, pursuant to Rule 37(b)(2)(C), the Court must order the disobedient party, his attorney, or both, to pay the reasonable expenses, including attorneys' fees, caused by the failure. Fed. R. Civ. P. 37(b)(2)(C).

The decision to sanctions and the choice of an appropriate sanction fall squarely within the discretion of the district court "[b]ecause the district court is in the best position to determine if a party has complied with its discovery orders[.]" *Melendez v. Ill. Bell Telephone Co.*, 79 F.3d 661, 670-71 (7th Cir. 1996). "Where a court determines that sanctions are necessary, 'the sanction selected must be one that a reasonable jurist, apprised of all of the circumstances, would have chosen as proportionate to the infraction.'" *Id.* at *4 (citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998)).

### III. **DISCUSSION**

The Murrays do not object to the Magistrate Judge's conclusion that Murray violated a discovery order and, therefore, that sanctions are appropriate under Rule 37(b). Rather, the Murrays dispute the severity of the sanction recommended by the Magistrate Judge. The Court discusses each of the Murrays' arguments in turn.

First, the Murrays argue that "the sanction of conclusively establishing certain fraudulent transfers . . . effectively punishes not only Mr. Murray but also Mrs. Murray." Murrays' Br. at 3. Because Conseco did not accuse Mrs. Murray of any discovery misconduct, according to the Murrays it is "fundamentally unfair to punish Mrs. Murray for someone else's discovery violations." *Id.* The Court disagrees. Although the Court acknowledges that Conseco has not alleged discovery misconduct on the part of Mrs. Murray, the recommended sanction does not foreclose Margaret Murray's ability to defend against liability as the alleged transferee of an intentional fraudulent transfer. Indiana law prevents a creditor from recovering even intentional fraudulent transfers where the transferee can establish that she took the assets "in good faith and for a reasonably equivalent value." Ind. Code § 32-18-2-18(a). Therefore, the recommended sanctions do not amount to a "judgment" against Margaret Murray as the Murrays contend.

Second, with respect to the recommended sanction that the Court "find that Murray transferred shares in Murray & Murray to his wife in 2001 with a value of $1,500,000," the Murrays argue that the $1,500,000.00 figure "is contrary to the evidence presented at the hearing." Murrays' Br. at 3. The Murrays claim that the value of those shares equals a much lower amount due to the buy/sell agreement between the law firm and Murray. However, as the Magistrate Judge found, the best indicator of the shares' worth is the

5

value Murray gave them just before he transferred the shares to his wife. Murray admits that, at that time, he valued the shares at $1,500,000.00. Murrays' Br. at 3. The Court concludes that the recommended sanction of conclusively establishing that Murray transferred shares in Murray & Murray to his wife in 2001 with a value of $1,500,000.00 is not disproportionate.

Third, the Murrays argue that "the substantive sanctions are disproportionate where the Conseco Parties have not been prejudiced by any discovery violation on the part of Mr. Murray." Murrays' Br. at 4. In effect, Murray argues that his violation of the March 2007 Order that compelled production did not prejudice Conseco because Conseco obtained the information regarding the Trust prior to the Murrays' depositions. Accordingly, Conseco had the opportunity to question the Murrays about the Trust at that time.

The Court disagrees. Although the amount of prejudice to Conseco as a result of Murray's misconduct is relevant, discovery sanctions under Rule 37 serve to penalize misconduct and to "deter those who might be tempted to such conduct in the absence of a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The record demonstrates that Murray has aggressively sought to avoid discovery of the Trust. Murray did not disclose the Trust in his response to Conseco's interrogatories. He forced Conseco to file a motion to compel when he initially opposed any discovery at all into his finances. Doc. No. 199. The Court overruled his objections. Doc. No. 214. He forced Conseco to file another motion to compel when he produced incomplete information. Doc. No. 246. The Court found Murray's responses deficient and ordered him to produce full, unredacted copies of his tax returns, account statements, and other responsive documents in his possession. Doc. No. 275.

Next, Murray claimed that he did not have in his possession or control many of the documents sought. Consequently, Conseco served a subpoena to Murray's accountants, Skoda Minotti. Murray filed a motion for protective order in an attempt to block Conseco from obtaining the documents. Doc. No. 296. The Court denied the motion. Doc. No. 311. As the Magistrate Judge noted, it was subsequently learned that Murray had contacted his accountants at Skoda Minotti regarding some of the documents Conseco sought and learned that they were readily available, and could be provided to Murray. Doc. No. 348(25). Yet, Murray continued to represent to Conseco that he did not have copies of the documents used to prepare his tax returns. Doc. No. 348 (17), (25)-(26). Conseco first learned of the terms of Trust from the documents produced by Skoda Minotti.

The record is replete with Murray's deliberate efforts to avoid producing evidence unfavorable to his position, even in the face of the March 2007 Order that explicitly instructed Murray to produce such evidence. The Court agrees with the Magistrate Judge's assessment that "[Murray's] failure to be forthright, forthcoming and thorough in discovery has necessitated each and every discovery dispute outlined above." Doc. No. 424. Murray's efforts not only caused Conseco to incur unnecessary fees and expenses, but also needlessly required the Court to use valuable time and energy to address his discovery misconduct. The Court concludes that, even assuming Conseco has not been prejudiced, Murray's actions warrant sanctions not only to penalize Murray for his misconduct, but also to deter Murray, "who might be tempted to such conduct in the absence of a deterrent." *Nat'l Hockey League*, 427 U.S. at 643.

Fourth, Murray claims that the recommended sanctions "are disproportionate in light of the monetary sanctions ordered with respect to the Conseco Parties' expenses

7

[because] a substantial monetary sanction against a private individual such as Murray more than sufficiently serves [to penalize and deter misconduct]." The Court reminds Murray that the Court has granted summary judgment in favor of Conseco on its breach of contract claims. These claims could result in a judgment against Mr. Murray totalling several million dollars. The Court is not convinced that a monetary sanction, in light of Mr. Murray's liability on Conseco's contract claims, will sufficiently deter this type of misconduct in the future.

Finally, Murray objects to the Magistrate Judge's recommendation to assess attorneys' fees and expenses for two reasons. First, Murray argues that he should not have to pay attorneys' fees and expenses for two prior motions because, under Rule 37(b), the Court may only award attorneys' fees and expenses "caused by the failure" to comply with a court order. Fed. R. Civ. P. 37(b). However, as discussed above, Murray forced Conseco to file these motions because of his deliberate scheme to avoid production of the terms of the Trust. Therefore, the Court agrees with the Magistrate Judge that Conseco is entitled to reasonably attorneys' fees and expenses related to the motion for discovery filed on July 20, 2007 (Doc. No. 246), the motion for protective order filed by Murray (Doc. No. 296), and the motion to compel filed July 23, 2008 (Doc. No. 348).

Second, Murray argues that the amount of attorneys' fees and expenses requested by Conseco, $151,627.00, is "patently unreasonable." Murray argues that instead of applying Chicago rates to Conseco's attorneys, "the general presumption is that the relevant rates are those where the forum court is located." Murrays' Br. at 7 (citing *Eli Lilly & Co. v. Zenith Goldline Pharma., Inc.*, 264 F. Supp. 2d 753, 764 (S.D. Ind. 2003)). However, the Seventh Circuit has stated that "if an out-of-town attorney has a higher hourly

rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount . . . ." *Jeffboat, LLC v. Dir., Office of Workers' Comp. Programs*, 2009 W.L. 66961, Cause No. 07-3834, at *3 (7th Cir., Jan. 13, 2009) (quoting *Mathur v. Bd. of Trustees of Southern Il. Univ.*, 317 F.3d 738, 744 (7th cir. 2003)).

Ultimately, regardless of whether or not the Court applies forum rates or non-forum rates, "the applicant for attorneys' fees bears the burden of demonstrating that the amount requested is in line with the prevailing hourly rate in the 'community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Conseco's attorneys have failed to demonstrate that the suggested hourly rates, up to $580.00 per hour for partners and up to $500.00 dollars for associates, is reasonable in Chicago based upon what other lawyers of reasonably comparable skill, experience, and reputation charge. Rather, Conseco's attorneys simply list each of their hourly rates and the number of hours each had worked on the respective motions. Doc. No. 439(3). However, the Murrays admit the rates that Conseco's local counsel charge are reasonable. Murrays' Br. at 8. Therefore, the Court applies the following rates for Conseco's attorneys: $360.00 per hour for partners and $245.00 per hour for associates.

In addition, the Court concludes that the presence of four attorneys at a hearing on a motion for sanctions is excessive. Therefore, Murray is only responsible for Mr. Barker's and Mr. McMillin's time spent at the hearing. The other attorneys' fees related to the hearing will be reduced by five hours, the length of the hearing.

Finally, the Court concludes that Conseco is not entitled to fees related to the work of Ms. Susan Gadzala, a "Senior Legal Assistant," who apparently charges $245.00 per

hour, or Mr. Jeremy Holzer, a "Project Assistant", who apparently charges $145.00 per hour.  In addition to the abnormally high rates charged by these "assistants," "[a] lawyer's rates are expected to include compensation for required administrative and secretarial help." *Zenith*, 264 F. Supp. 2d at 763.

The Court concludes that the appropriate amount of reasonable attorneys' fees is the sum of $85,952.00.  *See* Appendix A.

In conclusion, the Court **ACCEPTS IN WHOLE** the Magistrate Judge's recommendation for sanctions pursuant to 28 U.S.C. § 636(b)(1)(C).  Due to Murray's violation of the March 2007 Order, the Court imposes the following sanction against Murray in accordance with Rule 37(b):

- The Court **ORDERS** that the following facts be taken as established for purposes of this action:

    (1) that Murray transferred shares in Murray & Murray to his wife in 2001 with a value of $1,500,000.00;

    (2) that Murray transferred the distributions from his Murray & Murray stock to his wife in the amount of $1,897,081.00 in the ensuing years; and

    (3) that Murray made those transfers with the intent to hinder, delay, and defraud Conseco;

- The Court **ORDERS** that Murray is barred from contesting or presenting any evidence in an attempt to refuse those three findings;

- The Court **ORDERS** that Murray pay for Conseco's reasonable fees and expenses related to the motion to compel (Doc. No. 246), the protective order (Doc. No. 296) and the motion to compel (Doc. No. 348), in the amount of $85,952.00.

10

## IV.  CONCLUSION

For the foregoing reasons, Counterclaim Defendant's, Dennis E. Murray, and Third-Party Defendant's, Margaret Murray, Objection to the Magistrate Judge's Report and Recommendation is **SUSTAINED in part and OVERRULED in part**.  As a result, the Court **ACCEPTS IN WHOLE** the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED this 6th day of February, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Carol A. Nemeth
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Justin Andrew Barker
KIRKLAND & ELLIS, LLP
jbarker@kirkland.com

Erin L. Connell
RILEY BENNETT & EGLOFF
econnell@rbelaw.com

Sandra M. Fabula
KIRKLAND & ELLIS LLP
mfabula@kirkland.com

Stephen C. Hackney
KIRKLAND & ELLIS LLP
shackney@kirkland.com

Ryan L. Leitch
RILEY BENNETT & EGLOFF LLP
rleitch@rbelaw.com

Scott A. McMillin
KIRKLAND & ELLIS, LLP
smcmillin@kirkland.com

Reed S. Oslan
KIRKLAND & ELLIS
roslan@kirkland.com