UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS E. MURRAY, SR. and DPM, LTD., )<br>   Plaintiffs,     )<br>             )<br>vs.             )<br>             )<br>CONSECO, INC., and     )<br>CONSECO SERVICES, LLC,   )<br>   Defendants.     ) | 1:03-cv-1701-LJM-JMS |

## ORDER ON DEFENDANTS' MOTION TO STRIKE
## MURRAY'S AFFIRMATIVE DEFENSES

This matter comes before the Court on defendants', Conseco, Inc. ("Conseco") and Conseco Services, LLC ("Conseco Services") (collectively, "Defendants"), Motion to Strike Murray's Affirmative Defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Rule 12(f)"). FED. R. CIV. P. 12(f). On November 5, 2008, plaintiffs, Dennis E. Murray, Sr. ("Murray") and DPM, Ltd. ("DPM") (collectively, "Plaintiffs"), and third-party defendant, Margaret Murray ("Margaret Murray") (Plaintiffs and Margaret Murray collectively, the "Murray Parties"), filed their Reply to Conseco's Counterclaims, in which they asserted several affirmative defenses. The Court has considered the parties arguments and, for the following reasons, **DENIES** Defendants' Motion to Strike.

### I. BACKGROUND

On October 22, 2008, the Court granted summary judgment in favor of Defendants and against Plaintiffs on all of Plaintiffs' claims except for Count X, which was not before the Court at that time. Dkt. No. 401. On January 23, 2009, the Court granted summary

judgment in favor of Defendants and against Plaintiffs on Count X of Plaintiffs' Complaint. Dkt. No. 481. The Court subsequently amended those rulings; however, those amending did not affect the Court's ultimate conclusion that all of Plaintiffs' claims failed as a matter of law.

In their Reply to Conseco's Amended Counterclaims, Plaintiffs pled several affirmative defenses that essentially reasserted all the claims in Plaintiffs' Complaint. Dkt. No. 420, at 39-42, ¶¶ 2-5, 7-12, 21-23. In addition, the remainder of the Murray Parties' affirmative defenses were either (1) not brought up in the summary judgment briefing on Defendants' contract claims or Plaintiffs' claims, or (2) asserted in response to Conseco's fraudulent transfer and unjust enrichment claims.

## II.  **STANDARD**

Rule 12(f) states:

> The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

FED. R. CIV. P. 12(f). In general, "motions to strike are disfavored . . . because [they] potentially serve only to delay." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citing *United States v. 416.86 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)). However, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.* As the Seventh Circuit stated in *416.81 Acres*, in determining whether to strike affirmative defenses:

> The duty of this Court is to determine whether such defenses as presented do indeed present substantial questions of law or fact which may not be stricken. If any such substantial defenses exist, the motion cannot be granted; neither will it be granted if the insufficiency of the defense is not clearly apparent on the face of the pleadings, nor can reasonably be inferred from any state of facts in the pleadings. The purpose of such narrow standards is ". . . to provide a party the opportunity to prove his allegations if there is a possibility that his defense or defenses may succeed after a full hearing on the merits."

*Id.* (quoting *United States v. 187.40 Acres of Land, Huntingdon County, Pa.*, 381 F. Supp. 54, 56 (M.D. Pa. 1974)).

### III. DISCUSSION

As previously stated, several of the Murray Parties' affirmative defenses simply rehash all of the claims in Plaintiffs' Complaint. *See* Dkt. No. 420, at 39-42, ¶¶ 2-5, 7-12, 21-23. The Murray Parties' acknowledge that these affirmative defenses are identical to the claims Plaintiffs' asserted in their Complaint. However, the Murray Parties assert that their submission of the Reply to Conseco's Amended Counterclaims resulted from the unusual procedural posture of this case. Specifically, Plaintiffs' Motion to Dismiss (Dkt. No. 205) and the parties cross motions for summary judgment delayed the due date for the Murray Parties' answer to Defendants' Counterclaims until ten days after the Court ruled upon those motions. Fed. R. Civ. P. 12(a)(4)(A). As a result, the Murray Parties assert that they were merely preserving their defenses for the record, including for purposes of appeal.

The Court declines to strike these affirmative defenses from the record, but only to the extent that they preserve the Murray Parties' defenses for appeal. The Murray Parties are not entitled to argue the merits of any of these affirmative defenses, as the Court has

already concluded that each of these defenses fails as a matter of law. Therefore, to the extent Defendant's Motion seeks to prohibit the Murray Parties from referring to or presenting evidence in support of any of these affirmative defenses to the jury, the Court treats Defendants' Motion to Strike as a Motion *in Limine* and **GRANTS** said motion. Otherwise, Defendants' Motion to Strike Affirmative Defenses as to the defenses explicitly pled in Plaintiffs' Complaint is **DENIED**.

The Court reaches the same conclusion with respect to the Murray Parties' affirmative defense of unclean hands asserted in response to Conseco's fraudulent transfer claim. The doctrine of unclean hands "applies 'to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.'" *Packers Trading Co. v. Commodity Futures Trading Comm'n.*, 972 F.2d 144, 148 (7th Cir. 1992) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)). The doctrine prohibits a wrongdoer from enjoying the fruits of his transgression that in some measure affect the equitable relations between the parties regarding a claim brought before the Court. *See id.* at 148-49; *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933). Courts are "'not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion'" when applying the doctrine. *Packers Trading*, 972 F.2d at 149 (quoting *Precision*, 324 U.S. at 815 (further citation omitted)). Misconduct that invokes the doctrine does not even need to have been "'of such a nature as to be punishable as a crime or as to justify legal proceedings of any character.'" *Id.* (quoting *Precision*, 324 U.S. at 815).

Under Indiana law, "'unclean hands' is an equitable doctrine which means that one who seeks relief in a court of equity must be free of wrongdoing in the matter before the court." *Care Ctrs., Inc. v. Sullivan*, 701 N.E.2d 1234, 1242 (Ind. Ct. App. 1998) (quoting *Foursquare Tabernacle Church of God in Christ v. Dep't of Metro. Dev. of the Consol. City of Indianapolis*, 630 N.E.2d 1381, 1385 (Ind. Ct. App. 1994)). The doctrine of unclean hands is not favored "and must be applied with reluctance and scrutiny." *Wedgewood Ass'n, Inc. v. Nash*, 781 N.E.2d 1172 (Ind. Ct. App. 2003) (citing *Shriner v. Sheehan*, 773 N.E.2d 833, 847-48 (Ind. Ct. App. 2002)). The doctrine "is not to be used as a loose cannon, depriving a plaintiff of an equitable remedy to which he is otherwise entitled merely because he is guilty of unrelated misconduct." *Am. Hosp. Supply Corp. v. Hosp. Prods. Ltd.*, 780 F.2d 589, 601 (7th Cir. 1985) (citing *Shondel v. McDermott*, 775 F.2d 859, 867-69 (7th Cir. 1985), *Polk Bros., Inc. v. Forest City Enter., Inc.*, 776 F.2d 185, 193 (7th Cir. 1985)).

The elements of a claim for unclean hands have not been specifically enumerated by Indiana courts, but a review of cases suggests that in order for the Murray Parties to successfully assert the doctrine, they must at least demonstrate three things: (1) Defendants' misconduct was intentional; (2) Defendants' wrongdoing concerned the Murray Parties' and had an immediate and necessary relation to the matter in litigation; and (3) the Murray Parties were injured by Defendants' conduct. *See id.* (citing *Keller v. Ind. Dep't of State Revenue*, 530 N.E.2d 787, 788 (Ind. Tax Ct. 1988)); *Powell v. Mobile Cab & Baggage Co.*, 83 So. 2d 191 (Ala. 1955)). The immediate and necessary requirement has been described as follows:

5

> What is material is not that plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendant. . . . [W]e should not by this doctrine create a rule comparable to that by which a careless motorist would be "able to defend the subsequent personal injury suit by proving that the pedestrian had beaten his wife before leaving his home."

*Republic Molding Corp. v. B.W. Photo Utils.*, 319 F.2d 347, 349 (9th Cir. 1963) (citation omitted).

The Court concludes that the Murray Parties' defense of unclean hands fails on the merits under the second and third prongs described above.  First, the Murray Parties cannot demonstrate that Defendants' alleged misconduct had an immediate and necessary relation to the Murrays' alleged fraudulent transfers.  Murray argues that his debt to Conseco arose from his participation in the D&O Loan Program, and that he was fraudulently induced into participating in that program.  According to the Murray Parties, Defendants' "own fraud, which induced Murray into participating in the D&O Loan Program, should bar their attempts to set aside purported fraudulent transfers at issue here in order to satisfy their claims arising from the D&O Loan Program."  Murray Parties' Resp. Br. at 9.

However, Defendants did not "dirt[y their hands] in acquiring the right [they] now assert[]." *Republic Molding*, 319 F.2d at 349.  Rather, Plaintiffs' debt to Defendants stems from Plaintiffs' voluntary participation in the D&O Loan Program.  Although Murray claims that Defendants' fraud induced his participation, the Court has already concluded that Murray had knowledge of the alleged falsity of Defendants' statements before he refinanced the Loan Documents in 2000, the same documents under which Plaintiffs' are liable to Defendants.  *See* Dkt. No. 528.  For the same reasons, the Murray Parties cannot

establish that they were injured by Defendants' alleged misconduct under the third prong.

The Murray Parties argue that the Court should not consider the merits of their affirmative defense for a motion to strike pursuant to Rule 12(f), but should rather accept as true the factual allegations contained in their Answer. The Court disagrees. Although generally the Court should only consider the sufficiency of the facts alleged in the affirmative defense, "[t]he purpose of such narrow standards is . . . 'to provide a party the opportunity to prove his allegations if there is a possibility that his defense or defenses may succeed after a full hearing on the merits." *416.86 Acres*, 514 F.2d at 631. Here, however, the Murray Parties have had ample opportunity in their briefs on several different motions to designate evidence regarding the impact of Conseco's alleged fraud on Murray. The Court has heard their arguments on the merits and, therefore, does not need to take the allegations in the Murray Parties' affirmative defenses as true. Ultimately, "[t]he duty of this Court is to determine whether [the Murray Parties'] defenses . . . do indeed present substantial questions of law or fact which may not be stricken." *Id.* Here, as to the affirmative defense of unclean hands, the Murray Parties have not presented substantial questions of law or fact.

Nevertheless, the Court will not strike the Murray Parties' unclean hands defense from the record because, as stated above, they filed their answer within the time period allotted by the Federal Rules of Civil Procedure. Accordingly, Defendants' Motion to Strike as to this defense is **DENIED**. However, for purposes of trial, to the extent Defendant's Motion seeks to prohibit the Murray Parties from referring to or presenting evidence in support of their defense of unclean hands to the jury, the Court treats Defendants' Motion

to Strike as a Motion *in Limine* and **GRANTS** said motion.

Finally, as to the Murray Parties' other affirmative defenses to Defendants' contract claims that Plaintiffs did not specifically plead in their Complaint or raise in the Murray Parties' summary judgment briefs, the Court concludes that Defendants' motion to strike is improper given the unusual procedural posture of this case. As stated above, the Murray Parties filed their affirmative defenses within in the deadlines set forth in the Federal Rules of Civil Procedure. Therefore, the Court concludes that these affirmative defenses should be included in the record to allow the Murray Parties to preserve these defenses for appeal. Accordingly, Defendants' Motion to Strike as to the remainder of the Murray Parties' affirmative defenses is **DENIED**.

To the extent Defendants argue that the Court's summary judgment orders bars these defenses, or that the Murray Parties have waived these defenses by their failure to raise them in their summary judgment briefs, in order to properly put those issues before the Court Defendants should file motions *in limine* that cite the specific affirmative defense raised, the effect of the Court's summary judgment order on that affirmative defense, and whether or not the Murray Parties waived that specific defense.

## IV. CONCLUSION

For the foregoing reasons, defendants', Conseco, Inc. and Conseco Services, LLC, Motion to Strike Murray's Affirmative Defenses is **DENIED**.

IT IS SO ORDERED this 7th day of May, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Carol A. Nemeth
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Justin Andrew Barker
KIRKLAND & ELLIS LLP - Chicago
jbarker@kirkland.com

Erin L. Connell
RILEY BENNETT & EGLOFF
econnell@rbelaw.com

S. Maja Fabula
KIRKLAND & ELLIS LLP - Chicago
mfabula@kirkland.com

Stephen C. Hackney
KIRKLAND & ELLIS LLP - Chicago
shackney@kirkland.com

Ryan L. Leitch
RILEY BENNETT & EGLOFF LLP
rleitch@rbelaw.com

Scott A. McMillin
KIRKLAND & ELLIS LLP - Chicago
smcmillin@kirkland.com

Matthew Nirider
KIRKLAND & ELLIS LLP - Chicago
mnirider@kirkland.com

Reed S. Oslan, P.C.
KIRKLAND & ELLIS LLP - Chicago
roslan@kirkland.com